UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YVETTE RUIZ,<br>    *Plaintiff*,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>*Commissioner*, *Social Security*<br>*Administration*,<br>    *Defendant.* | No. 3:15-cv-01490 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS**

Yvette Ruiz ("Plaintiff"), proceeding *pro se*, filed this Social Security disability claim under Section 205(g) of the Social Security Act, as amended by 42 U.S.C. § 405(g).

Carol Colvin, Commissioner of Social Security ("Commissioner") filed a motion to dismiss. Ms. Ruiz has not responded.

For the following reasons, the motion to dismiss is **GRANTED**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Factual Allegations

Because of back problems, verrucous veins, diabetes, high blood pressure, depression, and plantar fasciitis, Ms. Ruiz seeks Social Security disability benefits. ECF No. 1. She allegedly cannot work and can hardly walk—with constant daily pain. *Id.* Following a February 14, 2014 hearing, an Administrative Law Judge denied her claim on May 30, 2014. ECF No. 13.

On August 6, 2015, the Appeals Council affirmed that decision. *Id.* The Appeals Council also recommended that Ms. Ruiz file a civil action in the district court within sixty days of receiving its decision further informed Ms. Ruiz that she could request an extension to file her civil action if she was unable to file within sixty days. *Id.*

1

### B. Procedural History

On October 14, 2015, Ms. Ruiz filed her civil action one day after the sixty-day deadline, ECF No. 1, and moved for leave to proceed *in forma pauperis*. ECF Nos. 2. On October 19, 2015, Judge Margolis granted the motion., 6.

On December 21, 2015, the Commissioner moved to dismiss this case. ECF No. 11. Because the Commissioner did not notice Ms. Ruiz, a self-represented litigant, the Court denied this motion without prejudice. ECF No. 12.

On August 22, 2017, the Commissioner renewed the motion to dismiss and included a notice for this self-represented litigant. ECF No. 13. The Clerk's office mailed a copy to Ms. Ruiz the following day at the address in the Court's records, but the United States Postal Service returned the mailing as undeliverable. Ms. Ruiz has yet to respond or otherwise provide the Court with a forwarding address.

## II. STANDARD OF REVIEW

Sections 205(g) and (h), and 405 (g) and (h), expressly limit judicial review of the Social Security Act. Under these provisions, a plaintiff must present her claims in the district court within 60 days after the mailing of the notice of a final decision, or within such further time as the Commissioner may allow. 42 U.S.C. § 405(g). The sixty-day time limit to file a civil action is a waiver of sovereign immunity. *Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986) ("Petitioners next contend that if the 60-day limit is a statute of limitations, it is a condition on the waiver of sovereign immunity and thus must be strictly construed. We have no difficulty agreeing with that statement").

The "60–day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen*, 476 U.S. at 478 (citations omitted). Because the expiration of the statute of

limitations is an affirmative defense, Rule 12(b)(6) is the best avenue for resolution. *Rodriguez ex rel. J.J.T. v. Astrue*, 10 Civ. 9644(PAC)(JLC), 2011 WL 7121291, at *2 (S.D.N.Y. July 25, 2011) ("[A] motion to dismiss on statute of limitations grounds . . . 'generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6)'") (quoting *Nghiem v. U.S. Dep't of Veterans Affairs*, 451 F.Supp.2d 599, 603 (S.D.N.Y. 2006), *aff'd*, 323 F. App'x 16 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir.) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true."), *cert. denied*, 537 U.S. 1089 (2002).

A court considering a motion to dismiss under Rule 12(b)(6) limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

## III. DISCUSSION

"[W]hen Congress attaches conditions, such as a statute of limitations, to legislation waiving the United States' sovereign immunity, those conditions must be strictly observed." *Block v. North Dakota ex rel. Bd. of Univ. and Sch. Lands*, 461 U.S. 273, 287 (1983). The sixty-day time limit to file a civil action is a waiver of sovereign immunity. *See Bowen*, 476 U.S. at

3

479 ("Petitioners next contend that if the 60-day limit is a statute of limitations, it is a condition on the waiver of sovereign immunity and thus must be strictly construed. We have no difficulty agreeing with that statement").

Because Ms. Ruiz filed the motion more than sixty days after receipt of the Appeals Council's letter declining her request for review, the Commissioner seeks to dismiss the complaint. The Commissioner argues that, as a sovereign, the United States is immune from suit unless it consents to a lawsuit. And Section 205(g) limits the Congressional remedy granted over Social Security determinations to those civil actions "commenced within sixty days after the mailing to [plaintiff] of notice of such decision or within such further time as the Commissioner of Social Security may allow." Section 205(g) further states that "[n]o finding of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Thus, in the Commissioner's view, the statute of limitations bars Ms. Ruiz's late filing.

The Commissioner also argues that this statute of limitations period should not be equitably tolled. While the Supreme Court has allowed for equitable tolling where deference to the agency is inappropriate, *see Bowen*, 476 U.S. at 479 ("cases may arise where the equities in favor of tolling the limitations are 'so great that dereference to the agency's judgment is inappropriate'"), the Commissioner argues that Ms. Ruiz has not explained her untimely filing of the Complaint nor requested additional time to file the civil action. The Court agrees.

It is undisputed that Ms. Ruiz filed her complaint after the sixty-day statute of limitations expired. ECF No. 13. While the Court may consider equitable tolling, "equitable tolling requires

a showing of both extraordinary circumstances and due dilligence," *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005). Ms. Ruiz cannot make the necessary showing.

Indeed, equitable tolling would require that Ms. Ruiz show that she "has been pursuing [her] rights diligently" and that "some extraordinary circumstances" prevented her from a timely filing. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). While this standard does not require "extreme diligence" or "exceptional diligence," it does require reasonable diligence. *See Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003). Ms. Ruiz, however, has shown no diligence in updating her contact information with the Clerk's office or filed a response to the Commissioner's motion. In the absence of any such filing, the Court is unable to consider whether equitable tolling could or would apply here.

The Court therefore finds that the Commissioner's motion to dismiss is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, Commissioner's motion to dismiss is **GRANTED** and this action is dismissed with prejudice.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of November 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE